# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BILLY BROWN,

    Plaintiff,

v.                                                                              CIV No. 00-1488 LH/LFG

JOE WILLIAMS,

    Defendant.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

THIS MATTER comes before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review Plaintiff Billy Brown's ("Brown") *pro se, in forma pauperis* civil rights complaint [Doc. 1], brought under 42 U.S.C. § 1983, filed October 23, 2000. Brown is incarcerated at Lea County Correctional Facility ("LCCF"). The Court has carefully considered the pertinent law, along with Brown's complaint and attachments, additional evidence filed with the Court [Docs. 16, 19], Defendant's answer [Doc. 15] and Brown's traverse to answer [Doc. 17.] For the reasons stated below, Brown's complaint and claims against Defendant Williams will be dismissed with prejudice.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

## Procedural Background

Brown's original complaint [Doc. 1] asserts claims against Defendant Williams, the warden at LCCF. Brown alleges that his First Amendment freedom of speech rights were violated when several pieces of legal correspondence were opened illegally, withheld, tampered with, altered, and/or not delivered to him. He also claims that his Fourteenth Amendment due process rights were violated because he did not have any notice or hearing either before or after the alleged confiscation of his legal mail. [Doc. 1.] Brown requested and was permitted to amend his complaint to add a defendant and an additional claim regarding alleged interception of privileged mail by that individual defendant. [Docs. 6, 9-11.] On January 12, 2001, Brown filed the amended complaint. In a Memorandum Opinion and Order, entered May 22, 2001, the Court dismissed the Amended Complaint and the additional defendant. [Doc. 20.] Brown has since appealed that decision, and that appeal apparently is proceeding. [Doc. 21.]

The May 22, 2001 Order appears to dismiss the Amended Complaint in its entirety but then specifically dismisses only the additional named Defendant. The Order is silent with respect to the Defendant Williams, who is named in the original Complaint and the Amended Complaint. To the extent that the May 22 Order is read to mean that Brown's original claims against Williams survived, this Memorandum Opinion and Order addresses and dismisses all remaining claims against Williams and this matter in its entirety.

## Legal Standards

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief can be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P.

2

12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the fact alleged, and allowing him an opportunity to amend his complaint would be futile."[2] Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir.) (*citing* Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991) (also holding that *sua sponte* dismissal of meritless claim under Rule 12(b)(6) or a statutory provision does not violate due process), *cert. denied* 122 S.Ct. 274 (2001)). In reviewing a *pro se* plaintiff's complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). Nevertheless, a complaint filed *pro se* will be dismissed if it fails to state a legally cognizable claim. *See* Denton v. Hernandez, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

With respect to a First Amendment claim regarding alleged interception or opening of legal mail, it is clear that inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-22, 97 S.Ct. 1491, 1494-95 (1977). As part of that claim, however, the inmate must allege and prove that the papers that were seized or read by the defendants caused actual injury or "hindered [his] efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996).

## Discussion

Brown alleges that his legal mail was withheld or altered on several occasions. On about August 28, 2000, he claims that he received a package from "a Texas attorney" that was tampered with, opened illegally, withheld and altered. [Doc. 1 at 3.] On about August 13, 2000, he contends

---

[2] Here, Brown already has amended his complaint, but the Court subsequently found that he could not state a claim, at least as asserted against the newly named defendant. Therefore, the Court concludes that further opportunity to amend would be futile.

3

that legal correspondence sent to him by his attorney was not received. Brown attaches to his complaint a receipt, dated August 28, 2000, that states a letter classified as privileged correspondence was opened in your presence. Brown signed this receipt. Also attached to the complaint is a "Mail Room Rejection" receipt, dated August 31, 2000, indicating that Wardens McFaddin and Hertzog had rejected something identified as "legal mail" that they apparently concluded was not legal mail. In addition, Brown attached an affidavit by an Oregon attorney stating that on August 11, 2000, the attorney mailed Brown a copy of a petition for review that was filed with the Oregon Supreme Court and that Brown later informed him he did not receive that copy.

Subsequent to the filing of his original complaint, Brown submitted other "evidence" to support his First Amendment claim. For example, Brown filed with the Court a copy of his photocopy request to the Corrections Department, showing that it took the Corrections Department a week to copy the requested motion, affidavit and letter to the clerk. [Doc. 16.] He also filed a Receipt for Opened Privileged Correspondence, indicating that the Corrections Department received a letter for Brown that the U.S. Post Office apparently opened before providing it the LCCF mailroom. [Doc. 16.] He signed this receipt confirming that he had been informed why his mail was opened. Finally, Brown filed another Receipt for Opened Privileged Correspondence showing that an April 2001 letter to Brown, classified as privileged, was opened accidentally by a new staff member who was still learning the procedures. Brown again signed the receipt indicating that he was informed why the mail was opened. [Doc. 19.]

In sum, Brown alleges that four to five pieces of legal or privileged mail were improperly opened or not delivered to him over a nine month period. Nowhere in his Complaint or correspondence, however, does Brown allege or provide evidence that he was denied access to the

4

courts, that he was unable to pursue his litigation, or that pleadings could not be filed. To succeed with a First Amendment claim, based on allegations of interference with legal mail, the plaintiff must "establish relevant actual injury or otherwise allege active interference with his preparation and filing of legal documents." Martinez v. Johnson, et al., No. 01-2194, 2002 WL 188971 (10th Cir. Feb. 7, 2002) (affirming the trial court's dismissal of complaint under Rule 12(b)(6) and 28 U.S.C. § 1915(e)) (*relying on* Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996)). *See also* Northington v. Zavaras, 229 F.3d 1164 (Table, Text in Westlaw), 2000 WL 1133128 at *3 (10th Cir. Aug. 10, 2000) (no evidence that opening of inmate's legal mail and temporary deprivation of legal materials "hindered [his] efforts to pursue a legal claim"). Because there is no allegation or evidence of actual injury to Brown or to demonstrate that his efforts to pursue a legal claim were hindered, his claims fail to state a claim under the First Amendment.

Moreover, courts have decided that allegations concerning only a few pieces of legal mail and/or isolated, accidental openings of such mail, are insufficient to state a claim under the First Amendment. *See* Florence v. Booker, No. 01-3152, 2001 WL 1592703 at *1 (10th Cir. Dec. 14, 2001) (summary judgment affirmed on grounds of qualified immunity where improper handling of single piece of legal mail found insufficient to show constitutional violation); *see also* Smith v. Maschner, 899 F.2d 940, 943-44 (10th Cir. 1990) (accidental "isolated incident, without any evidence of improper motive or resulting interference with . . . right to counsel or access to the courts, does not give rise to a constitutional violation"); Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 1993) (isolated or occasional opening of legal mail outside the presence of an inmate is not necessarily a constitutional violation), *cert. denied*, 510 U.S. 1123, 114 S.Ct. 1081 (1994); Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989) (same); Averhart v. Shuler, 652 F. Supp. 1504, 1506 (N.D.

5

Ind.) (three pieces of legal mail opened outside the inmate's presence insufficient to implicate a constitutional right), *aff'd*, 834 F.2d 173 (7th Cir. 1987), *cert. denied*, 484 U.S. 1073, 108 S.Ct. 1045 (1988); *compare* Greeno v. Litscher, 13 Fed. Appx. 370, 376, No. 00-3140, 2001 WL 721026 at * 5 (7th Cir. 2001) (allegations that legal mail was repeatedly opened for approximately one and one-half years sufficient to state a claim); Antonelli v. Sheahan, 81 F.3d 1422, 1431-32 (7th Cir. 1996) (allegations that legal mail was repeatedly opened and sometimes stolen stated claims). The few pieces of legal or privileged correspondence in this case support a similar finding that no constitutional rights has been implicated.

Not only does Brown fail to allege an actual injury resulting from the alleged interference with four or five pieces of mail, he also fails to identify any participation in the alleged wrongdoing by the sole defendant. This too subjects his complaint to dismissal. Personal participation is an essential allegation in a § 1983 claim. Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory capacity is not sufficient, by itself, to impose liability. Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir. 1990), *cert. denied*, 499 U.S. 975, 111 S.Ct. 1622 (1991). Brown must allege an affirmative link between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997). Brown makes no such allegations against Defendant Williams and merely alleges that Williams is the warden.

Finally, any claim for violation of due process must also be dismissed. It appears from the receipts and other notices from LCCF, attached to Brown's complaint or filed with the Court, that Brown received notice of the rejection of certain mail or notice of why mail was opened. Brown signed the receipts indicating that he was informed of why his mail was processed as it was. He

protested some of the actions through grievances and received further review of some of his complaints. Under these circumstances, due process was satisfied. *See* Price v. Arpaio, 163 F.3d 607 (Table, Text in Westlaw), 1998 WL 663183 (9th Cir. Sept. 24, 1998) (rejecting similar due process claim by inmate).

## Recommended Disposition

THAT Plaintiff Billy Brown's Complaint [Docs. 1 and 10] and all claims against Defendant Williams be dismissed, with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge